GOLDMANN, Respondent, vs. THE MILWAUKEE ELECTRIC
RAILWAY & LIGHT COMPANY, Appellant.

*October 19—November 15, 1904.*

*Street railways: Traveler crossing track: Right of way: "Due care:"*
*Personal injuries: Negligence: Contributory negligence: Evidence.*

1. Due care in approaching a railway track can be satisfied only
   by full use of the senses of sight and hearing at the last
   moment of opportunity before passing the line between safety
   and peril.
2. Reasoning is not due care when opportunity for observation
   exists.
3. A traveler crossing a railway track cannot rely on any assump-
   tion that a car is moving at a reasonable, or any other, rate of
   speed, where he has opportunity to observe the contrary.
4. No right of way can be said to exist in favor of a traveler
   crossing a railway track when, as established by the result,
   some diminution of the speed of the car was necessary to
   enable him to pass in safety.
5. It may be the most obvious negligence to exercise a clear right,
   and, if so, and contributing, it precludes recovery.
6. Plaintiff, approaching defendant's double tracks, when his
   horse's head was some fifteen feet from the nearest track,
   stopped and looked in one direction and saw no car approach-
   ing. He then looked in the other direction and saw a car about
   a block (389 feet) away, coming towards him very slowly, and
   started his horse at a speed of about two miles an hour to
   cross the tracks without again looking for a car. When the
   horse was on the first track, he then looked and saw the car
   about half a block away, coming very rapidly, and urged his
   horse to greater speed, reaching a velocity of about three
   miles an hour, but before getting across was struck and in-
   jured. *Held,* that plaintiff was guilty of contributory negli-
   gence precluding recovery.

APPEAL from a judgment of the circuit court for Milwau-
kee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

The plaintiff, according to his own statement, was driving
south on Sixth street, in Milwaukee, when he came to State
street, on which were double tracks of the defendant's rail-

way.  As he reached a point where he was substantially on the north cross walk, and his horse's head some fifteen feet north of the north railroad track, he stopped, and looked west, and saw no car; then looked east, and saw one about a block (389 feet) away, coming towards him very slowly.  He started his horse at a speed of about two miles an hour to cross State street, without again looking for a car.  When he had progressed so that his horse was upon the track, and his front wheels close to the north track, his little daughter cried out to look out for the car.  He then looked, and saw it about half a block away, coming very rapidly.  He urged his horse to greater speed, reaching a velocity of about three miles an hour, but before getting across was struck and injured.  Upon the trial the jury found by special verdict that the defendant was guilty of negligence proximately causing the injury, and that plaintiff was not guilty of contributory negligence, and that it was consistent with due care, after first seeing the car, to have failed to ascertain thereafter that its speed and position were such as to render dangerous an attempt to cross in front of it.  Defendant made several motions, and, amongst others, one to set aside and reverse the answers to these two questions relating to contributory negligence, and for judgment in its favor upon the verdict so amended.  Its motion was denied, and judgment rendered for the plaintiff, from which the defendant appeals.

For the appellant there was a brief by *Spooner & Rosecrantz,* and oral argument by *C. M. Rosecrantz.*

For the respondent there was a brief by *W. H. Rubin,* attorney, and *C. H. Van Alstine,* of counsel, and oral argument by *Mr. Rubin.*

DODGE, J.  This case falls so clearly within the principles announced in a long line of decisions, and so completely within the material facts of such cases as *Nolan v. M., L. S. & W. R. Co.* 91 Wis. 16, 64 N. W. 319; *White v. C. & N. W.*

*R. Co.* 102 Wis. 489, 78 N. W. 585; *Koester v. C. & N. W. R. Co.* 106 Wis. 460, 82 N. W. 295, and *Guhl v. Whitcomb,* 109 Wis. 69, 85 N. W. 142—that extended discussion or even reiteration of the reasons controlling it, cannot be justified. Due care in approaching a railway track can be satisfied only by the full use of the senses of sight and hearing at the last moment of opportunity before passing the line between safety and peril. *Schroeder v. W. C. R. Co.* 117 Wis. 33, 38, 93 N. W. 837. The last moment for such observation in the present case was just before plaintiff's horse stepped upon the track on which plaintiff knew a car was approaching, for the evidence was undisputed that the movement of the horse was so slow and so without momentum as to approximate the plaintiff almost exactly to the situation of a foot passenger, as to whom it is pointed out that the single step onto the track is negligence unless, before taking it, he assures himself, by observation, of its safety, if the view is unobstructed. Had plaintiff, during the eight or nine seconds occupied in driving from the sidewalk crossing onto the track, looked even once more at the approaching car, he must have observed, according to his own description, that its speed was such as to make the crossing perilous unless he greatly accelerated the movement of his horse or that of the car was diminished. During all this period, however, with full opportunity to look and see, he proceeded without a glance, relying, if he thought at all, on his reasoning as to the safety. Reasoning, however, is not due care when opportunity for observation exists. It is only when deprived in some degree of such opportunity that one may, consistently with due care, rely on his judgment as to chances. *Tesch v. Milwaukee E. R. & L. Co.* 108 Wis. 593, 84 N. W. 823; *Schroeder v. W. C. R. Co., supra.* Neither can he, as counsel suggests, rely on any assumption that a car is moving at a reasonable, or any other, rate of speed, where he has opportunity to observe the contrary.

Respondent's counsel also seems to invoke the doctrine of a right of way in favor of plaintiff, and cites thereto *Tesch v. Milwaukee E. R. & L. Co., supra*. That no such right existed when, as established by the result, some diminution of the speed of the car was necessary to enable him to pass in safety, is fully declared in that case and in *Stafford v. Chippewa Valley E. R. Co.* 110 Wis. 331, 335, 85 N. W. 1036; but whether it did or not is immaterial. It may be the most obvious negligence to exercise a clear right, and, if so, and contributing, it precludes plaintiff from recovery. *Brown v. C. & N. W. R. Co.* 109 Wis. 384, 85 N. W. 271; *Walermolen v. Fox River E. R. & P. Co.* 110 Wis. 153, 157, 85 N. W. 663.

As result of these considerations we deem it conclusively established beyond difference of opinion that "a person in the exercise of ordinary care, under circumstances similar to those surrounding the plaintiff, after first seeing the car, would have ascertained at some time thereafter, and before the horse reached the first track, that the speed and position of the car was such as to render an attempt to cross in front of the car dangerous," and that "want of ordinary care on the part of the plaintiff did contribute to produce the injury he received;" hence that the negative answers to these two questions—respectively the fourth and fifth of the special verdict—should have been set aside, and affirmative answer substituted by the court upon defendant's motion for such order.

*By the Court.*—Judgment reversed, and cause remanded with directions that the circuit court grant defendant's motion to change the answers to the fourth and fifth questions in the special verdict from "No" to "Yes," and upon the verdict, as so changed, to enter judgment for defendant.