MARSHALL, Appellant, vs. GREEN BAY & WESTERN RAIL-
ROAD COMPANY, Respondent.

*April 7—May 2, 1905.*

*Railroads: Negligence: Injuries at crossing: Contributory negligence:
Evidence: Direction of verdict.*

1. A person is not only bound to look and listen for the approach
   of a train before entering upon a railroad track, but is bound
   to hear and see one, if there is such and reasonable attention to
   the matter will enable him to do so; and if he attempts to
   cross the track in violation of such duty or in the face of danger
   after discovering it, he takes in his own hands the entire re-
   sponsibility for what may follow as to injuries to himself,
   though produced in part by the negligent conduct of the rail-
   road trainmen.
2. In an action for injuries at a railroad crossing, the evidence,
   stated in the opinion, is *held* to establish that plaintiff had op-
   portunity to see and hear the approaching train at any time
   after coming within sixty-eight feet of the crossing, and, having
   such opportunity, he was bound to improve it effectively, and
   in not doing so was guilty of contributory negligence.
3. Where a physical situation renders the right of a matter clearly
   beyond all reasonable controversy, there is no accounting for
   testimony to the contrary, except upon the theory of mistake
   or wilful false swearing, and in such case, regardless of the
   amount of evidence from the mouths of witnesses, there is no
   conflict to be solved by the jury.

APPEAL from a judgment of the circuit court for Waupaca
county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

Action for personal injuries. The complaint was to this
effect: January 10, 1902, plaintiff,—riding in a buggy
drawn by a span of horses, driven by him,—was a traveler
on the public way, known as the Northport and Royalton
road, in the town of Mukwa, Waupaca county, Wisconsin,
where it crosses defendant's railway track in section 6, town-
ship 22. He was destined to a point requiring him to pass
over the crossing. A short time before, defendant lowered
its track at such crossing so that a person approaching it as

plaintiff did could not see a train coming from the east till he arrived within a few feet of the rails. As he was passing over the same, in the exercise of ordinary care, defendant's servants in charge of one of its trains caused the same to approach and go over the crossing at a speed of about forty miles an hour, without giving any warning thereof by sounding the engine bell or blowing the whistle. By reason of the situation of the track as to the highway and the manner in which the train was operated, as indicated, plaintiff was struck by the engine and severely injured, to his damage in the sum of $15,000. Performance of the conditions precedent to the commencement of this action was pleaded.

Defendant answered admitting that its train at the time and place alleged injured the plaintiff, putting in issue all allegations as to fault on its part and pleading contributory negligence. The evidence was to this effect: The railway track ran nearly east and west at and in the vicinity of the crossing. The track on the side plaintiff approached thereto and to the east lay at an angle with the highway of about thirty-six degrees, so that for him to see an approaching train coming from that direction it was necessary to look to the left and partially backward. He wore an overcoat with the collar turned up. It was a cold day and he was dressed accordingly. He was in a covered buggy with the curtains so arranged that he could see out at each side. It was dark and the wind was blowing in an easterly direction. There was some snow on the ground. He knew the location of the track with reference to the highway. He saw it about an hour before the accident and then observed that it had been lowered several feet from its location when he last before passed that way. He knew it was about time for a train to arrive at the crossing, and was uncertain whether it had already done so or not. For a considerable distance from the track, as he approached it, one circumstanced as he was could readily have seen a train coming from the east had he looked

for that purpose. From a point about sixty-eight feet from the track one so circumstanced could readily have seen a train had there been one anywhere within a distance of upwards of 1,500 feet from the crossing. From the point sixty-eight feet from the track thereto the opportunity to observe an approaching train coming from the east, in case of there being one, improved. There were some interferences before reaching such point with the view to the east in a line with the track, but after approaching to within about 250 feet of the crossing such interferences were not such as to prevent one from readily seeing a train in that direction at any point on the track for a distance of about half a mile, in case of there being one, the interferences only being sufficient to interrupt the line of vision for a space of about six feet. When plaintiff arrived at a point forty or fifty feet from the track, the train which did the mischief could not have been to exceed 700 feet away. It must then have been in plain sight from where he was, and the headlight on the engine must have shown upon the rails in front of him and to some extent have illuminated the crossing. His sight and hearing were good. He said he looked and listened repeatedly for a coming train, the last time when he was at the point last spoken of, and did not hear or see any; that the first indication to him of the presence of one was a flash of light at the crossing about the instant he was struck.

At the close of the evidence defendant's counsel moved the court to direct a verdict of no cause of action because the evidence conclusively established contributory negligence on plaintiff's part. The motion was granted and judgment rendered accordingly.

For the appellant there was a brief by *E. L. & E. E. Browne,* and oral argument by *E. E. Browne.*

For the respondent there was a brief by *Greene, Fairchild, North & Parker,* and oral argument by *H. O. Fairchild.*

MARSHALL, J. There is no principle in the law of negligence better settled than the one that a person before entering upon a railway track should look both ways and listen to discover if there is a train approaching and in such close proximity as to render it dangerous to proceed. The presence of a railway track is such an admonition of the probability of danger to one entering thereon, that nothing but physical impossibility will excuse his neglect to use his senses of sight and hearing to discover whether a train is dangerously near or not before so doing. A person is not only bound to look and listen for such a train before entering upon a railway track, but is bound to hear and see one, if there is such, and reasonable attention to the matter will enable him to do so, and if he attempts to cross the track in violation of such duty or in the face of danger after discovering it, he takes in his own hands the entire responsibility for what may follow as to injuries to himself, though produced in part by negligent conduct of the railway trainmen. One cannot reasonably expect the law to hold others responsible for his personal safety, as regards their mere negligence, if he sees fit to disregard such safety himself.

Counsel contend this case does not fall within the general rule as to crossing cases since appellant testified distinctly as to having exercised a high degree of care to discover an approaching train and failed to see or hear any, and the situation was such on account of inconvenience in making an efficient observation, by reason of the location of the track as regards the highway, and some slight interferences with the line of vision in the direction of the train till he was pretty close to the track, that it is not entirely improbable that he looked and listened, as he testified he did, and yet failed to discover the danger. We are unable to discover any ground whatever for disturbing the decision of the trial court that had appellant looked easterly upon the track at any time after

passing over the sixty-eight feet before he reached the same he must have seen the approaching train, and further that if he depended upon his hearing he must have heard the train. Having such an opportunity to know of its approach he was bound to improve it efficiently. The court did right in taking the case from the jury. There was no room in the evidence for an honest finding that appellant performed the duty he owed to himself, and yet failed to see the train till it was too late for him to avoid it. Where a physical situation renders the right of a matter clearly beyond all reasonable controversy, there is no accounting for testimony to the contrary, except upon the theory of mistake or wilful false swearing, and in such circumstance the more positive and definite the testimony the greater the indication of fault, greater than can be reasonably attributed to mere mistake. In such a case, regardless of the amount of evidence from the mouths of witnesses, there is no conflict to be solved by a jury, because no just verdict can ever be rendered contrary to all reasonable probabilities.

As we view the case, it is plainly ruled by *Cawley v. La Crosse City R. Co.* 101 Wis. 145, 77 N. W. 179; *White v. C. & N. W. R. Co.* 102 Wis. 489, 78 N. W. 585; *Steber v. C. & N. W. R. Co.* 115 Wis. 200, 91 N. W. 654, and similar cases.

*By the Court.*—The judgment is affirmed.