ZUCKER, Respondent, vs. JOHNSON and others, Receivers, Appellants.

*April 10—October 6, 1914.*

*Street railways: Personal injuries: Collision with vehicle: Contributory negligence: Instructions to jury.*

1. In an action for injuries resulting from a collision between plaintiff's wagon and a street car, the evidence—tending to show, among other things, that plaintiff drove upon the track to avoid a gang of street cleaners or piles of dirt and that he was just leaving the track when the car overtook him and struck the hind wheel of the wagon—is *held* to sustain a finding by the jury that plaintiff was not guilty of contributory negligence.

2. It was not correct in such case to instruct the jury that, if plaintiff was in the act of removing from the track at the time of the injury, he had the right of precedence upon that portion of the street, and it was irrelevant to say that he had a right to rely upon the motorman to keep a proper lookout and to have his car under such control that he could, in the exercise of ordinary care, avoid a collision, but those errors were not in this case prejudicial; and other instructions relative to ordinary care on the part of the plaintiff, although lacking lucidity, were not misleading.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

Action against the receivers of the Chicago & Milwaukee

Electric Railroad Company to recover damages for injury to the person of plaintiff and to his wagon and horse, caused by a collision between the wagon and a street car operated by defendants.

The special verdict found (1) the motorman of the defendant was not in the exercise of ordinary care in the operation of the car at the time it came in collision with plaintiff's wagon; (2) such failure to exercise ordinary care was the proximate cause of the injury to plaintiff and his property; (3) the motorman did not sound the bell at such distance from the wagon that the driver thereof in the exercise of ordinary care ought to have heard the same and avoided the collision; (4) he did not blow the whistle under similar circumstances. Question 6 was not answered. It related to the defendants' version of the occurrence and under instruction was to be left unanswered in case the jury disbelieved that version; (7) no want of ordinary care on the part of the plaintiff proximately contributed to his injury; (8) damages; (9) $983.

For the appellants there was a brief by *Edgar L. Wood,* attorney, and *Bull & Johnson,* of counsel, and oral argument by *Mr. Wood.*

For the respondent there was a brief by *Rubin & Zabel,* and oral argument by *W. C. Zabel.*

The following opinion was filed May 1, 1914:

TIMLIN, J. It is contended that the uncontroverted evidence establishes a case of contributory negligence against the plaintiff. We may concede at once that upon defendants' version of the facts this would be true. But that version of the occurrence is controverted by the evidence on the part of the plaintiff. Defendants' evidence is subject to some weakness. The motorman testified that when his car was between five and ten feet from the wagon the plaintiff turned two feet nearer to the car track, that the motorman threw off the

power, reversed, applied the power again, and the car struck the left rear wheel of the wagon. This would be quite a difficult feat unless the wagon had traveled its length after being swung into the path of the car. Another witness for the defendant testified that the car struck the front wheel of the wagon. But aside from this witness, all witnesses for plaintiff or defendant agree that the collision was between the forward part of the car and the left or west hind wheel of the wagon. The plaintiff's story is that he was driving north on the east or right-hand side of Grove street at a gait of about five miles per hour, and when he arrived about the middle of the block between the cross streets known as Rogers and Burnham streets he encountered a street-cleaning gang of ten or twelve workmen engaged in cleaning the street by scraping the surface accumulations into heaps. He then looked back and saw a car about a block and a half or two blocks behind and coming toward him. He further testifies: "Knew that I could make it in that time. It was not much to ride." He turned on to the street railway track because he "knew that there was enough room for him to ride in the car track and turn out." He could not tell how fast the car was coming. He traveled upon or partly upon the car-track portion of the street for fifty or sixty feet in getting around this gang of workmen and these heaps of dirt, and then attempted to turn off the track to his right, and was just leaving the track when the car overtook him and struck the left rear wheel of his wagon, causing the injuries in question. Other evidence showed the ordinary and usual speed of the car to be twelve miles per hour. This narrative is also subject to the weakness that if the distance which the plaintiff traveled was only sixty feet and he was going at a rate of five miles per hour and the car was at the stated distance behind him and traveling at ordinary speed, it would not overtake him before he left the car track. We understand, however, that this speed and these distances are only estimates. But they

furnish a basis from which a jury, confronted with the established fact that the car did strike the left hind wheel of plaintiff's wagon and cause damages, might arrive at the conclusion that the car when first observed by plaintiff was at such distance behind the plaintiff and moving at such usual and ordinary rate of speed that an ordinarily prudent person driving as the plaintiff was, might in the exercise of ordinary care attempt the slight detour necessary to avoid the street cleaners or the piles of dirt. The case would be brought within the rule of *Tesch v. Milwaukee E. R. & L. Co.* 108 Wis. 593, 84 N. W. 823, quoted from and approved in *Grimm v. Milwaukee E. R. & L. Co.* 138 Wis. 44, 52, 119 N. W. 833; *Kowalkowski v. M. N. R. Co.* 157 Wis. 473, 146 N. W. 801. We cannot declare that the jury was obliged to reject the plaintiff's testimony on this point or unauthorized to draw reasonable inferences from all facts in evidence.

It is further contended that an instruction relative to the sixth question of the special verdict was extremely confused and misleading. In defining the words "ordinary care" the court said in connection with such definition: "Now, if the plaintiff was in the situation not that I have described to you in a previous question, but was in the situation of going upon the tracks after going out of the tracks, then he must be in the exercise of ordinary care." This instruction relates to defendants' version of the occurrence which was rejected by the jury. There is nothing positively incorrect about it, but it lacks lucidity. We may readily concede that it did not materially enlighten the jury and we think it did not mislead them. An instruction relative to the seventh question, which called for a finding upon the plaintiff's contributory negligence, was as follows:

"If you take the plaintiff's theory that he was in the act of removing from the track at the time of the injury, then he had the right of precedence upon that portion of the street

and to move from the track without unnecessary delay, and it was his duty to remove from the track without unnecessary delay, and it was the duty of the motorman to keep a proper lookout so as to know plaintiff's situation, and to have his car under such control that he could, in the exercise of ordinary care, avoid the collision, and in the exercise of ordinary care so operate the car as to avoid the collision; and upon this conduct on the part of the motorman the plaintiff had the right to rely."

This instruction is also quite confusing. No doubt these instructions were oral and extemporaneous and will probably appear very bad to the learned circuit judge when now called to his attention. It is very desirable that sufficient time to reduce instructions to writing be taken in the trial of cases, and many errors could be thus avoided. It is not correct to say that the plaintiff had the right of precedence upon that portion of the street, but it is correct to say that it was his duty to remove from the track without unnecessary delay, and that it was the duty of the motorman to keep a proper lookout and to have his car under such control that he could, in the exercise of ordinary care, avoid the collision. But it is quite irrelevant to say that the plaintiff had a right to rely on this conduct on the part of the motorman. The latter question was not in the case. We cannot approve of these instructions, but we are not convinced that the result was prejudicially affected thereby.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on October 6, 1914.