SCHMIDT, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*October 8—October 27, 1914.*

*Street railways: Injury to pedestrian crossing track: Duty to look and listen: Contributory negligence.*

1. One who attempts to cross the tracks of a street railway is bound to look and listen for an approaching car and is bound to see and hear it if by giving reasonable attention he can do so and thus avoid being struck by it.
2. On a foggy, rainy night, while crossing from north to south a double-track street railway, plaintiff was struck and injured by a west-bound car on the north track. He testified that he had looked and listened before starting across the tracks, and that when he was midway between the tracks he looked to the east to see if a car was coming on the north track; also that he could see across the street. The evidence showed that the view to the east was unobstructed, that the car could have been seen when seventy feet away at least, but that plaintiff did not observe it until it was within about five feet from him. *Held*, that he was guilty of contributory negligence.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Houghton, Neelen & Houghton,* and oral argument by *F. W. Houghton.*

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *James D. Shaw.*

Schmidt v. Milwaukee E. R. & L. Co. 158 Wis. 505.

SIEBECKER, J.    The action is for damages alleged to have been sustained by the plaintiff from injuries inflicted upon him by a street car of the defendant company.

On the 28th of April, 1912, at about fifteen minutes before 11 o'clock in the evening, in the city of Milwaukee, it was raining a fine, misty rain and was foggy.    The plaintiff left the theater on Fourteenth street and North avenue at about 10:30 p. m. to go to his home on Ring street.    He walked along Teutonia avenue in a northerly direction and was about to cross Center street when he noticed an eastbound car of the defendant company approaching on the south street car track on Center street.    There was a double railway line on Center street.    The plaintiff approached to within five or six feet of the south track and waited until the car had passed him.    He then proceeded and crossed the south track, and while in the act of crossing the north track was struck and injured by a car running west on this track. When the plaintiff saw the car he started to run in a slanting course, partly along the track and partly to the north, but was unable to get entirely out of the way of the car and was struck on the left shoulder by the right front portion of the car.    He was picked up near the curb line and some distance from the place where he was struck.    Plaintiff testified that he looked and listened before attempting to cross the track after the east-bound car had passed him and that no car was approaching on the north track; that he had taken down his umbrella before he started to cross the south track to enable him to see better.    He also testified that he could see across the street.    Teutonia avenue, where it intersects Center street, is forty-four feet and seven inches wide from curb to curb in a line running from east to west; Center street is between thirty-nine and forty feet wide.    Mr. Barkdoll testified that he and a party of friends were at the southwest corner of Center street and Teutonia avenue and across from the plaintiff and witnessed part of the accident.    One of his party, a lady,

intended to take the east-bound car, which was the car the plaintiff saw and let pass.    Barkdoll could see and distinguish this lady after she had reached the southeast corner, which was across the street from where he stood.

The circuit court granted the motion of the defendant for a nonsuit on the ground that the plaintiff was guilty of contributory negligence in that he, in the exercise of ordinary care, ought to have seen the approaching car and have avoided the danger of colliding with it.

The trial court in passing judgment in the case states:

"Plaintiff testified that he did not see the car.    On the other hand he testified that he could see across the street. The undisputed testimony in the case is that the condition of the atmosphere was such as to interfere with an extended view or vision, but that nevertheless the figure of a woman was observable at a distance of approximately seventy feet, and the conclusion is inevitable that the car was observable at least that distance, that is, that a car having a headlight that was lit was observable at least that distance."

The evidence clearly shows that this conclusion is correct. It is shown that the plaintiff stood at a point midway between the north and south tracks when he last looked to the east to observe if a car was approaching.    This point is about two feet four inches from the south rail of the north track, and from there to the center between the rails of the north track is two feet eight inches, a total of about five feet, which the plaintiff traveled after he looked east for cars the last time and when he observed the car so near him that he could not get out of its way by running in a northwesterly course over the last rail.    The witness Barkdoll, who stood at the northwest corner of the crossing, testifies that he looked directly at the west-bound car and observed the plaintiff start on the run, and that the car was then not to exceed five feet from the plaintiff.    It is manifest from the evidence of the plaintiff and Barkdoll that the plaintiff did not observe the car until it was so close to him that he could not escape it by passing

over the north rail. This in itself shows clearly that the plaintiff had not been giving attention to the approaching car from the time it was visible, seventy feet to the east of him, until it was within five feet of him. It is also evident that the car was within the plaintiff's view all of the time while it traveled the seventy feet before reaching him, and that the time it required to cover the distance at the rate of twenty miles per hour was sufficient time to enable the plaintiff to cross the track and clear it from a point midway between the north and south track before it reached him. The facts and circumstances show clearly that the plaintiff was negligent in not looking for the car, or that he negligently failed to see it if he looked, before stepping into the zone of danger. The most favorable inferences from the evidence do not support his claim that he exercised ordinary care in his attempt to cross the tracks and avoid colliding with a passing car. It devolved upon him, in the exercise of reasonable care, to look and listen for the approaching car, and he was bound to hear and see it if by giving reasonable attention he could do so and thus have avoided colliding with it. *Cawley v. La Crosse City R. Co.* 101 Wis. 145, 77 N. W. 179; *Tesch v. Milwaukee E. R. & L. Co.* 108 Wis. 593, 84 N. W. 823; *Goldmann v. Milwaukee E. R. & L. Co.* 123 Wis. 168, 101 N. W. 384.

The trial court properly granted the nonsuit.

*By the Court.*—Judgment affirmed.