SCHMIDT, Respondent, vs. THE MILWAUKEE ELECTRIC
RAILWAY & TRANSPORT COMPANY, Appellant.

*January 8—March 11, 1941.*

221

222

The cause was submitted for the appellant on the 'brief of *Shaw, Muskat & Paulsen,* attorneys, and *F. H. Prosser* of counsel, all of Milwaukee, and for the respondent on that of *Gerald H. Kops* and *Rubin, Zabel & Ruppa,* attorneys, and *Wm. B. Rubin* of counsel, all of Milwaukee.

FOWLER, J. As appears from the foregoing statement, the plaintiff recovered on the finding of the jury that the motorman was negligent as to lookout, management and control, and entering on the red light while the plaintiff was only negligent as to lookout. We consider that the findings of the jury that the motorman entered the intersection on the red light, and that the plaintiff was not negligent as to right of way are contrary to the undisputed physical facts. The automobile was traveling approximately three times as fast as the streetcar. The lights changed simultaneously. If the light went red against the streetcar before it entered the intersection the streetcar must have traveled farther than the plaintiff did after the light changed and before the collision occurred, which is physically impossible with the automobile traveling three times as fast as the streetcar. It is therefore plain that the light was green for the streetcar when it entered the intersection and the streetcar therefore had the right of way over the automobile. *Watermolen v. Fox River Electric Railway & Power Co.* 110 Wis. 153, 85 N. W. 663; *Goldmann v. Milwaukee E. R. & L. Co.* 123 Wis. 168, 101 N. W. 384.

We are also of the view that if the motorman was negligent as to management and control, the plaintiff was equally negligent in that respect. Both entered on the green light, but if one was negligent in the respect mentioned, so was the other. If the motorman was under obligation to so manage and control his vehicle as to avoid collision with an automobile that might be passing behind the train, so was the plaintiff under equal obligation to so manage and control

his automobile as to avoid colliding with a streetcar that might be passing behind it. The plaintiff's negligence in this respect, if any there was on the part of either, would plainly seem to be the greater, as the streetcar had the right of way over the automobile. It cannot be said the motorman's negligence as to lookout was any greater than plaintiff's in that respect. The plaintiff's negligence in this respect would seem to be greater than the motorman's as the plaintiff could see the trolley of the streetcar over the top of the train while the motorman could not see the automobile through it.

For the reasons stated the judgment must be reversed and the complaint dismissed.

*By the Court.*—The judgment of the circuit court is reversed with directions to enter judgment dismissing the complaint.

FRITZ and MARTIN, JJ., dissent.