Turtenwald, Appellant, vs. Wisconsin Lakes Ice & Cartage Company, Respondent.

*February 25—March 22, 1904.*

*Negligence: Wanton injury: Pleading: Theory of case on appeal: Injury to street cleaner: Negligence of driver: Contributory negligence.*

1. Mere proof of an injury caused by ordinary negligence is not sufficient to establish a cause of action for a wanton injury; and in an action for the latter plaintiff cannot recover for the former, if seasonable objection is made.

2. Where both parties have treated an action as one to recover for ordinary negligence, this court will so treat it, although the complaint charges that the negligent act was also reckless, wilful, and malicious.

3. The driver of an ice wagon who allows his team to proceed along the street without guidance, while his entire attention is devoted to preparing the ice for delivery, cannot be said as a matter of law to be free from negligence if the team runs against and injures a person on the street.

4. Plaintiff, a street cleaner, whose duties required him to move about on the street without taking any particular course and to make frequent trips to the side of the street to empty his shovel, was working to the westward on the south side of an asphalted avenue and had just turned to the left to go to the curb when he was run down by the team attached to an ice wagon proceeding westward without guidance from the driver, who was otherwise engaged. *Held*, that plaintiff's failure to look for teams approaching from behind him was not contributory negligence as matter of law.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

Action for damages for a personal injury. The claim of plaintiff was that September 25, 1900, he was working on Grand avenue between Twentieth and Twenty-First streets in the city of Milwaukee as a street cleaner; that while on the south side of the avenue and so circumstanced as to pay attention to teams traveling east, and not expecting one going west to be using that side of the street, the north side being the proper way for such teams, defendant's servant, in charge of one of its ice wagons drawn by a span of horses, carelessly, recklessly, negligently, wilfully, and maliciously drove them west on such south side at great speed, striking plaintiff, throwing him to the ground, running over, and greatly injuring him, to his damage in the sum of $6,000.

Defendant answered denying the allegations of negligence and pleading settlement of plaintiff's pretended cause of action, he being paid $150 in full for all claims he had or pretended to have, growing out of the alleged circumstance.

The evidence, in the most favorable view for plaintiff, is to this effect: On the day he was injured, defendant's servant, in charge of one of its ice wagons as alleged, was in the performance of his duties, assisting in the delivery of ice to defendant's customers at the place alleged. He had charge of the team and was expected, in addition, to cut ice into suitable forms for delivery. He had two assistants who carried the ice to the customers. The crew came upon the avenue from Twentieth street, turning to the left. The horses proceeded along the south side of the avenue near the curb, and without being guided by any one, from the time the turn was made from Twentieth street till the accident occurred. The driver, instead of paying attention to his team, was back of the seat cutting ice, the horses being allowed to go as they pleased. One of the deliverymen was in the wagon waiting to take the piece of ice which the driver was in the act of preparing when the accident occurred. Some little time before the accident the deliverymen saw plaintiff at work in the street a little north of the pathway of the team, pushing his shovel. Just before the horses reached him, seeing danger of his being injured, the deliveryman called "Whoa," and reached for the lines, but before he could stop the horses the accident occurred. Plaintiff's evidence, in one aspect of it, tended to show that he was working in the pathway of the horses for some time before he was injured, and that no attention was paid by the persons in the wagon as to whether they ran him down or not till it was too late for them to prevent the accident.

Defendant's evidence tended to show that some little time before plaintiff was injured he was going west with his shovel some distance north of the pathway of the horses; that the men in the wagon saw him but did not apprehend danger of his being injured, as he was some distance north of the course the horses were taking; that when he got his shovel loaded he suddenly turned to the left, passing right in front of the

horses to empty his shovel on a pile of litter near the curb, and that before the deliveryman could stop the team the accident occurred.

At the close of the evidence, on motion of defendant's counsel the court directed a verdict for defendant, and judgment was rendered accordingly.

*Harry M. Silber,* attorney, and *Robert N. McMynn,* of counsel, for the appellant.

For the respondent there was a brief by *Fiebing & Killilea,* and oral argument by *William F. Adams.*

Marshall, J.    The complaint admits of a construction charging defendant with being guilty of a greater wrong than mere failure to exercise ordinary care,—with actual intent on the part of the driver, or that disregard for the safety of persons lawfully in the street amounting to the same thing, to drive the team upon appellant, and that defendant is answerable for the wrong.    There are some indications that such was the purpose of the pleader.    Counsel *ex industria* proved that the teamster was kept in respondent's employ for some two years after the accident and not discharged on account thereof.    While the complaint contains language in one aspect charging the teamster with the high degree of wrong indicated, there is no allegation that respondent ratified the act.    Evidence was allowed on that point, but there was no evidence indicating wanton conduct on the part of the teamster.    If we were to view the complaint as stating a cause of action for damages caused by gross negligence, so called, in any aspect of the case, the nonsuit would necessarily have to be approved, since mere proof of an injury caused by breach of duty to exercise ordinary care is not sufficient to establish a cause of action for a wanton injury, and a person cannot be permitted in an action charging the latter to recover for the former, if seasonable objections are made.    *Wilson v. Chippewa Valley E. R. Co.* 120 Wis. 636, 98 N. W. 536.    How-

ever, on the whole it seems the parties on both sides, notwithstanding the peculiar language of the complaint, treated the action in the court below and in this court as one to recover compensation for damages attributable to ordinary negligence. In that situation it seems we are warranted in treating the case in the same way, notwithstanding the charge of negligence is coupled with charges of reckless, wilful, and malicious conduct. It would be far safer in drafting a complaint in an action like this, to appreciate that a claim for an injury wantonly inflicted is one thing, and one for an injury attributable to mere actionable negligence is a far different thing (*Bolin v. C., St. P., M. & O. R. Co.* 108 Wis. 333, 84 N. W. 446), and if it is desired to state a cause of action of the latter character, the pleader should omit all such words as "wilful," "reckless," and "malicious," as regards the conduct of the defendant.

There is no claim, as we understand it, but that there was evidence from which the jury may reasonably have found negligence on the part of respondent's servant which was a proximate cause of the injury appellant received. The fact that such servant allowed the horses to proceed along the street without guidance, his attention being entirely diverted from them by reason of his performing the labor of preparing the ice for the deliverymen, thereby throwing upon other persons lawfully using the street the entire burden of keeping out of the way of the horses, is too suggestive of negligence to warrant holding to the contrary as a matter of law.

The argument of counsel indicates that the trial court viewed the evidence as conclusively showing that appellant was traveling west on the avenue somewhat north of the pathway of the horses, shortly before he was injured; that had he kept on his course, and the horses had kept their course and overtaken him, he would have been in no danger; and that the accident occurred by reason of his suddenly turning to the left into the pathway of the horses to empty his shovel

where litter previously gathered had been deposited. It seems that counsel for respondent appreciate that the rule adopted was at least not free from doubt, as they invoke the rule stated in *Powell v. Ashland I. & S. Co.* 98 Wis. 35, 38, 73 N. W. 573, that ordinarily a trial judge in deciding whether the evidence in any reasonable view of it will support a verdict in favor of the plaintiff has some advantages over an appellate court, and that such circumstance, in doubtful cases, is entitled to considerable weight upon appeal. That cannot cut any figure in this case further than to support the learned judge's conclusion that appellant suddenly stepped in front of the horses and was run down by them before the teamster had time to stop them. Assuming that such was appellant's course, can we say as a matter of law that he was guilty of contributory negligence? Should we say that a street cleaner must be constantly on the alert to keep out of the way of teams coming from either direction and that if while at work in the street he steps aside from a direct course without looking behind him to see if there is a team coming from that direction he is guilty of want of ordinary care as a matter of law? That would be rather a severe rule. Appellant was absorbed with his duties. The noise of his shovel, as he pushed it along the surface of the street, might well excuse him for failing to observe the approach of the team by the sense of hearing. So it comes down to this: Is want of ordinary care to be conclusively inferred merely because appellant turned to the left to empty his shovel without looking to see if there was a team approaching from behind him? It is considered that such proposition must be answered in the negative. Probably the trial court did not give proper significance to the circumstance that appellant's duties required him to move about without any regard to taking any particular course along the street, and to make frequent trips to the side of

the street to empty his shovel; that his situation was quite different from that of an ordinary traveler upon the street.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded for a new trial.