MEISSNER, Administrator, Appellant, vs. SOUTHERN WIS-
CONSIN RAILWAY COMPANY, Respondent.

*March 25—April 13, 1915.*

*Street railways: Killing of pedestrian: Contributory negligence:*
*Failure to look and listen before crossing track.*

1. Due care in approaching a railway track can be satisfied only by
   full use of the senses of sight and hearing at the last moment
   of opportunity before passing the line between safety and
   peril; and the nonobservance of the duty to look and listen is
   negligence *per se.*
2. Where plaintiff's intestate, while crossing from south to north
   on a street running east and west, upon which there was a dou-
   ble street-car track, passed to the rear of a standing east-bound
   car and as he stepped on to the west-bound track was struck and
   killed by a car going west, which he would have seen had he
   looked to the east while he was in the space between the two
   tracks, he was guilty of contributory negligence as matter of law.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Plaintiff brought this action as administrator of the estate
of Andrew Grady, deceased, to recover damages from the de-
fendant for the death of said Grady. The defendant main-
tains a double track on Williamson street in the city of Madi-
son between Baldwin and Dickinson streets, converging into
a switch at Dickinson street and extending eastwardly as a
single track. Cars going east wait, when necessary, on the
east-bound track near Dickinson street for the west-bound
cars to clear the switch. On the night of the accident at
about 7 o'clock, March 28, 1913, the car going east was stand-
ing about 130 or 140 feet from the switch waiting for the
west-bound car to pass and the west-bound car was at Dick-
inson street ready to enter the switch. Grady, while in the
act of crossing Williamson street in the middle of the block,
passed either to the rear or in front of the east-bound car,
and as he stepped on to the west-bound track he was struck

by the car going west, receiving injuries which resulted in his death. The complaint alleged that at the time Grady started to cross the street the west-bound car was standing still at the intersection of Dickinson and Williamson streets; that deceased had passed over the east-bound track and was about to cross the west-bound track when the defendant carelessly and negligently started said car and operated it at a high rate of speed without any warning of its approach. The answer of the defendant denied negligence on its part and charged the deceased with contributory negligence. At the close of plaintiff's testimony, on motion of the defendant a nonsuit was granted and judgment entered dismissing the complaint, from which judgment plaintiff appeals.

For the appellant there was a brief by *Aylward, Davies & Olbrich,* attorneys, and *Ray W. Clarke,* of counsel, and oral argument by *J. A. Aylward.*

For the respondent there was a brief by *Jones & Schubring,* and oral argument by *E. J. B. Schubring.*

BARNES, J. On the motion for nonsuit the circuit judge summed up the situation as follows:

"There is no evidence in the record that the deceased ever looked or listened for an approaching car. If we assume, as the plaintiff urges we must, that the deceased did look and listen before he started to cross the street, then we find he is in the situation where, having observed a car which was about to approach, he starts across the street, taking a path which makes the approaching car come somewhat from his rear; he passes a standing car which obstructs his view, passes over an area in which, if he had stopped to look or listen, he could have saved himself from injury; passes in front of the approaching car, without ever looking or listening after he has passed the obstruction, and receives the injury. I am satisfied, under the settled rules of the decisions of this state, that under such circumstances the plaintiff cannot recover."

The appellant insists that the trial court erred in its conclusion, and argues (1) that deceased could only be held

guilty of contributory negligence as a matter of law where the negligence was so clearly proven as to leave no room for doubt or controversy; (2) that deceased had a right to calculate whether he had sufficient time to pass in front of the approaching car, and, if he miscalculated, he was not necessarily negligent; and (3) the "look and listen" rule is subject to the qualification that the duty is limited by the opportunity for observing danger which the situation affords. Starting with these premises, it is argued that it must be presumed that deceased looked for the approaching car at the proper time before attempting to cross the street and calculated that he could safely cross ahead of the car, and that his vision in the immediate vicinity of the track was obstructed by the standing car, so that he could not see the approaching car until he actually stepped in front of it. In this situation appellant insists that the negligence of the deceased was a jury question.

The rule is established by this court in a long line of decisions that "Due care in approaching a railway track can be satisfied only by full use of the senses of sight and hearing at the last moment of opportunity before passing the line between safety and peril." *Goldmann v. Milwaukee E. R. & L. Co.* 123 Wis. 168, 170, 101 N. W. 384; *Schroeder v. Wis. Cent. R. Co.* 117 Wis. 33, 38, 93 N. W. 837; *Morice v. Milwaukee E. R. & L. Co.* 129 Wis. 529, 533, 109 N. W. 567; *Marshall v. G. B. & W. R. Co.* 125 Wis. 96, 103 N. W. 249; *Koester v. C. & N. W. R. Co.* 106 Wis. 460, 464, 82 N. W. 295; *Cawley v. La Crosse City R. Co.* 101 Wis. 145, 77 N. W. 179; *Schliesleder v. Milwaukee E. R. & L. Co.* 147 Wis. 668, 672, 134 N. W. 144; *Kowalkowski v. M. N. R. Co.* 157 Wis. 473, 476, 146 N. W. 801. Nonobservance of the duty to look and listen is negligence *per se. White v. C. & N. W. R. Co.* 102 Wis. 489, 493, 78 N. W. 585, and cases cited above.

The two inside tracks were five feet apart; the overhang

of the standing car occupied a part of the space between the two tracks. It seems obvious that when the deceased reached the north rail of the east-bound track, or, at most, when he was a foot or two beyond it, there was absolutely nothing to prevent him, while he was still without the danger zone, from seeing the headlight on the approaching car had he looked. The car must have been close to him, and it is undisputed that the headlight was lit. The headlight was in the center of the car, and the deceased was about five feet to the west of the standing car. Ordinarily it would not be very dark at 7 o'clock in the evening on March 28th. There is no claim that it was stormy. We think there is no room for a jury to find that the deceased had entered the zone of danger before he crossed the track on which the east-bound car stood. There might be some plausibility in such a claim if the deceased had been driving a vehicle, so that there was an actual entry into the danger zone while the approaching car was hidden from view by the stationary one. This could not be the case with a foot passenger. While a railroad track in itself is a sign of danger, the deceased, if he paid any attention to what he was doing, must have known of the proximity of the car which struck him. The east-bound car was waiting near the middle of a block for the other to pass. The latter stopped at the switch. If deceased looked for the car at all he must have seen it. If he knew it was coming, there was all the more reason why he should have looked before he actually stepped in front of it.

*By the Court.*—Judgment affirmed.