DINAN, Respondent, vs. CHICAGO & MILWAUKEE ELECTRIC RAILWAY COMPANY and another, Appellants.

*October 26—November 14, 1916.*

*Street and interurban railways: Injury to man working on street: Contributory negligence: Degree of care required.*

It is the duty of the ordinary traveler on a street to keep a vigilant lookout for approaching street cars; but a person who is lawfully performing work upon the street and the tracks of a street railway company with its knowledge, consent, or procurement is not bound to keep the same lookout as the ordinary traveler and may assume that the customary precautions will be taken by the company and the customary warnings given.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

Personal injuries.   Plaintiff was operating a steam roller rolling asphalt pavement which was being laid between the defendant's tracks on Grove street in Milwaukee, and was proceeding northward at a speed of about two miles an hour at the time of the accident.   He had run the roller south just previously over the same strip and in so doing was facing south. He then turned and went northward.   At the time of turning he looked southward and saw no car approaching.   He traveled northward about 150 feet without looking south again, and then suddenly discovered that a north-bound car was within a few feet, coming rapidly, and immediately jumped from the roller and sustained serious injuries.   The roller was about six or eight inches west of the west rail of the east track and the car struck it on its east side.   The plaintiff claimed that the car was going at an excessive speed and that no warning of its approach was given.   The jury by special verdict found that (1) the car was moving at the rate of about thirty miles per hour; (2) that this speed was excessive; (3) that it was want of ordinary care, (4) which was a proximate cause of the injury; (5) that the motorman failed to sound whistle or gong; (6) that this also was a want of ordinary care, (7) which was a proximate cause of the injury; (8) that the motorman in the exercise of ordinary care should have seen the roller in time to have stopped his car so as to avoid a collision; (9) that the motorman was guilty of want of ordinary care in failing to so stop his car, (10) which failure was a proximate cause of the injury; (11) that plaintiff was not guilty of contributory negligence; (12) that the roller did not turn northeasterly into the pathway of the car before the collision occurred; and (13) that plaintiff's damages were $1,575.

Upon this verdict judgment for the plaintiff was rendered in the civil court of Milwaukee county.   Upon appeal to the circuit court the judgment was affirmed, and the defendants appeal from the judgment of affirmance.

For the appellants there was a brief by *Edgar L. Wood,* attorney, and *Bull & Johnson,* of counsel, and oral argument by *Mr. Wood.*

*Oscar W. Kreutzer,* for the respondent.

WINSLOW, C. J.    We regard the evidence as entirely sufficient to sustain the findings of fact of the jury.    No time will be spent in considering them.    There is but one question arising on the trial which seems to us necessary to be treated, and that is the question whether the trial court erred in charging the jury on the eleventh question of the verdict relating to plaintiff's contributory negligence.    Upon this subject the court charged in substance that it is the duty of the ordinary traveler on a street to keep a vigilant lookout for approaching cars, but that where a person is lawfully performing work upon the street and the tracks of the street railway company with its knowledge, consent, or procurement, the relationship is different, and that such a person is not required to keep the same lookout as the traveler who unnecessarily drives along the track, but may assume that the warnings and precautions customarily used by the company will be given.    In connection with this charge, full and careful instructions were given to the effect that the plaintiff was required to keep a lookout for approaching cars and exercise ordinary care under all the circumstances, and that if he was guilty of a slight want of ordinary care which proximately contributed to his injury he must be found guilty of contributory negligence.

There is no error in this.    It is not only good law but good sense.    A man who is engaged in work upon the highway cannot, if he performs his duty, spend a large part of his time in looking for the approach of street cars or other vehicles. In a busy street he would accomplish little if he did so.    Of course he cannot let his thoughts go wool gathering and expect all users of the highway to give place to him; he must

exercise some vigilance; he must keep that lookout for vehicles and cars which an ordinarily careful man similarly situated would keep; a man who is compelled to be in the street and to be giving attention to his work. Such care must manifestly be a lesser degree than the care required of a person who is on the highway for the purpose of travel alone and may come and go at will. This court has affirmed the principle in *Turtenwald v. Wis. Lakes I. & C. Co.* 121 Wis. 65, 98 N. W. 948, and other courts have adopted the same rule. *Graves v. Portland R., L. & P. Co.* 66 Oreg. 232, 134 Pac. 1; *Lewis v. Binghamton R. Co.* 35 App. Div. 12, 54 N. Y. Supp. 452. See 2 Thomp. Comm. on Neg. § 1463. There are decisions which seem to favor a contrary doctrine, but we decline to follow them.

A motion for new trial on the ground of newly discovered evidence was denied by the trial court and the ruling is alleged as error. We have carefully considered this contention, but find no error. It is not deemed necessary to go into the matter at length.

*By the Court.*—Judgment affirmed.