KAUFMANN, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*September 12—December 5, 1916.*

*Railroads: Collision at highway crossing: Failure to give statutory signals: Positive and negative testimony: Questions for jury: Gross negligence: Injury to property: Slight negligence: Special verdict: Omissions: Presumption.*

1. In an action against a railway company for injuries sustained in a collision at a highway crossing the evidence is *held* to sustain findings by the jury that the bell on the engine was not rung or the whistle blown as required by law.
2. Testimony that they heard no bell or whistle, given by witnesses who, knowing that a train was due, were listening for it, is not merely negative.
3. It cannot be said as a matter of law that two men riding in an automobile driven at low speed down a slight grade are in such a position that they cannot hear the whistle and bell of an approaching train at a distance of eighty rods.
4. Plaintiff was not guilty of gross negligence in failing to apply his emergency brake or in failing to adopt other possible means of escape from a dangerous situation created by the negligence of the defendant.

5. Even if sub. 6, sec. 1809, Stats., applies only to claims for personal injuries or death—a point not decided,—yet in an action for injuries to person and property where the jury found that plaintiff was not guilty of gross negligence and the defendant railway company made no request for a finding as to any other degree of negligence on plaintiff's part, it will be presumed, under sec. 2858m, in support of a judgment by which plaintiff recovered for the injury to property, that the trial court found that he was not guilty of a slight want of ordinary care.

APPEAL from a judgment of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge.  *Affirmed.*

This action was brought to recover damages to person and property, caused when an automobile driven by the plaintiff collided with a train of the defendant at Lena on February 21, 1915.  Judgment was entered in favor of the plaintiff for $1,180.34, and the defendant appeals.  The case was submitted to a jury on a special verdict.  The jury found as follows: (1) Plaintiff received injuries to his person at the time and place alleged.  (2) The whistle was not blown eighty rods south of the crossing in question.  (3) The failure to blow the whistle was a proximate cause of the injuries sustained.  (4) The bell was not rung continuously from a point eighty rods south of the crossing until the train stopped.  (5) The failure to so ring the bell was a proximate cause of the injuries sustained.  (6) The plaintiff was not guilty of gross negligence in attempting to cross the track at the time and place in question.  (7) The amount of damages to the person of the plaintiff was $700.  (8) The amount of damages to the automobile was $400.

For the appellant there was a brief by *C. H. Van Alstine, H. J. Killilea,* and *Allan V. Classon,* and oral argument by *Mr. Killilea.*

For the respondent there was a brief by *John B. Chase* and *Classon & O'Kelliher,* and oral argument by *V. J. O'Kelliher.*

The following opinion was filed October 3, 1916:

ROSENBERRY, J. Substantially the only question is whether or not there was sufficient evidence to sustain the findings of the jury as to the blowing of the whistle and the ringing of the bell. Without entering into a lengthy statement of the facts, it appeared by the testimony of four employees of the defendant company that the bell was rung and the whistle was sounded as required by law. On the part of the plaintiff it appeared that he and his companion, at a point 150 feet from the railway track, stopped, looked and listened for the approaching train, and then proceeded toward the track down a slight grade at low speed in plaintiff's automobile, still looking and listening for the train, and that they heard no bell or whistle. It appears quite conclusively that if the whistle was sounded and the bell rung at a point eighty rods from the crossing it was done at a time when plaintiff and his companion were approaching the railway track. Plaintiff and his companion having had their attention called to the fact that the train was due were then listening for the train, therefore their testimony cannot be said to be merely negative. It cannot be said as a matter of law that two men riding in an automobile driven at low speed down a slight grade are in such a position that they cannot hear the whistle and bell of an approaching train at a distance of eighty rods. There being a conflict in the evidence, the question was correctly submitted to the jury, who found the defendant negligent.

The negligence of the defendant being established, the plaintiff was not guilty of gross negligence in failing to apply his emergency brake or in failing to adopt other possible means of escape from a dangerous situation created by the negligence of the defendant.

*By the Court.*—Judgment affirmed.

The following opinion was filed December 5, 1916:

ROSENBERRY, J.    Plaintiff had judgment for $1,100, $700 of which was for injuries to his person and $400 for injuries to his automobile.    Appellant moves for a rehearing upon the ground that under sec. 1809, Stats., negligence of the plaintiff less than gross negligence bars a recovery for injuries to property, and alleges that plaintiff was guilty of such negligence.    Appellant argues that sub. 6, sec. 1809, Stats., applies only to claims for *personal injuries or death;* that plaintiff, being guilty of want of ordinary care, cannot recover for injuries to his automobile.    The question is not presented by this record.    Appellant made no request for a finding as to any other degree of negligence of the plaintiff than gross negligence.    Under sec. 2858m, Stats., it must be presumed, even if the construction claimed by appellant be given to sub. 6, sec. 1809, that the trial court found upon that question adversely to the appellant, that plaintiff was not guilty of a slight want of ordinary care.    Upon the record we cannot say that such finding is not sustained by the evidence.

Upon this motion appellant reargues the question as to the sufficiency of the evidence to sustain the finding of the jury to the effect that the whistle was not blown and the bell was not rung.    After a careful re-examination of the record we see no reason for modifying our former conclusion.

*By the Court.*—Motion denied, with $25 costs.