Bubb, Appellant, vs. Milwaukee Electric Railway & Light Company, Respondent.

*March 14—April 4, 1917.*

*Street railways: Injury to person working near track: Contributory negligence.*

> In an action for injuries to a laborer who was struck by a street car while shoveling dirt into a wagon from a shallow excavation close to the track, upon evidence showing, among other things, that his work did not necessitate his actual entry into the pathway of the car, that he was injured by a car coming from the direction in which he was facing, and that he had an opportunity of looking every time he raised his shovel to the wagon, but never looked more than about a dozen feet in that direction, and in view of the fact that the car was running upon tracks from which it could not deviate and the very presence of which constituted a warning of probable danger, it cannot be said that the trial court was clearly wrong in holding that plaintiff was guilty of contributory negligence as a matter of law. Eschweiler, J., dissents.

Appeal from a judgment of the circuit court for Milwaukee county: Oscar M. Fritz, Circuit Judge. *Affirmed.*

Personal injuries. The plaintiff, a laborer employed by a street contractor, was struck on the head by the corner of a street car as he was working in an excavation on the east side of the defendant's track on Third street in the city of Milwaukee and seriously injured. The defendant claimed no negligence on the part of the defendant was shown and that the plaintiff was guilty of contributory negligence.

Third street runs north and south and the defendant maintains two tracks thereon, the easterly track being used by north-bound cars. At the time in question the easterly portion of the street between the east rail of the easterly track and the curb was being excavated by a contracting company by which plaintiff was employed, to a depth of about a foot, preparatory to the construction of a permanent pavement.

A wagon was standing in the excavated portion about three or four feet east of and parallel to the north-bound track, and several men were at work shoveling dirt into the wagon, some being between the wagon and the track, and the plaintiff being at the end of the wagon close to the track. The plaintiff testified that he was obliged to work close to the track; that he had to scrape up the dirt between the ends of the ties with his shovel; that he was facing south as he worked; that each time as he straightened up to throw dirt in the wagon he would look southward down the track ten or twelve or thirteen feet; that there was much noise of teams and automobiles passing; that a minute or so before he was struck a street car went by; that he heard no bell, though he had heard other cars ring the bell; that he bent down and was scraping up between the ends of the ties and made a couple of scraping movements with his shovel, and was hit in the head by a car, after which he knew nothing until he woke up in the hospital. It appears that he was struck by the overhanging right-hand forward corner of the car. Two witnesses who were standing close by the wagon conversing at the time corroborated the plaintiff as to the noise of the street traffic and street cars passing back and forth, and testified that the car was going from fifteen to twenty miles an hour when it struck the plaintiff. One of them followed the car a short distance to the end of the line and notified the motorman of the accident. Neither of the witnesses could remember whether he heard a bell ring or not. The motorman testified that he saw the men working between the wagon and the track; that he rang the bell and passed them slowly at about the rate of five miles an hour; that the men stood up as he approached, and he heard no noise or bump and knew nothing of the accident until he reached the end of the line and was informed of it by the witness just referred to. The plaintiff's injuries were serious.

The court submitted the case to the jury upon a special verdict, but, the jury being unable to agree, the court upon further consideration concluded that the plaintiff was guilty of contributory negligence as matter of law and directed a verdict for the defendant.    The plaintiff appeals.

*Wm. A. Schroeder* and *Horace B. Walmsley,* both of Milwaukee, for the appellant.

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke* of Milwaukee, and oral argument by *James D. Shaw.*

WINSLOW, C. J.    The trial court recognized the principle laid down in the case of *Turtenwald v. Wis. Lakes I. & C. Co.* 121 Wis. 65, 98 N. W. 948, to the effect that in determining the question of care in such a case as the present it is to be remembered that the situation of the man engaged in labor upon the public street is quite different from that of the traveler upon the street; a principle recently more fully treated in the case of *Dinan v. Chicago & M. E. R. Co.* 164 Wis. 295, 159 N. W. 944.    In the latter case it is said that such a man must keep that lookout for cars and vehicles which an ordinarily careful man compelled to be in the street and to be giving attention to his work would keep, and that such care must manifestly be a lesser degree of care than that required of the traveler, who may come and go as he will. In directing a verdict the trial judge said, after referring to the *Turtenwald Case:*

"Important distinctions lie in the fact that the plaintiff's work did not necessitate an actual entry on his part into the pathway of the car; the fact he was injured by a vehicle which was coming from the direction in which vehicles usually come and are expected to come at the point of the accident; the fact that the car was proceeding upon a pathway which was definitely fixed by the course of the street railway tracks from which it could not deviate in order to avoid in-

jury, and that the very presence of those tracks constitutes a warning or admonition of probable danger."

He might have added that the plaintiff in doing his work was facing the south all the time (the direction from which the car came), that he had opportunity to look every time he raised his shovel to the wagon, and that he admits that he never looked more than ten or twelve or thirteen feet towards the south, although there was nothing to prevent him from looking for a long distance.

After careful consideration of the evidence we are unable to say that the trial court was clearly wrong in the conclusion reached, and hence, upon very familiar principles, the judgment cannot be reversed.

*By the Court.*—Judgment affirmed.

Eschweiler, J. (*dissenting*). This case was tried in September, 1916. The case of *Dinan v. Chicago & M. E. R. Co.* 164 Wis. 295, 159 N. W. 944, was not determined until November 14, 1916.

After the case had been submitted to the jury the court below took the case away from the jury and directed judgment for the defendant on the theory that the plaintiff was chargeable as a matter of law with contributory negligence. In differentiating the case at bar from the rule laid down in *Turtenwald v. Wis. Lakes I. & C. Co.* 121 Wis. 65, 98 N. W. 948, the court gave as one reason therefor that the vehicle in this case causing the injury was "upon a pathway which was definitely fixed by the course of the street railway tracks from which it could not deviate in order to avoid injury, and that the very presence of those tracks constitutes a warning or admonition of probable danger."

The *Dinan Case, supra,* disposes of the situation of a person whose work requires him to be upon the highway and in the path of such street cars, which cannot, as in the case of

the wagon in the *Turtenwald Case,* deviate from their path.
Had that decision, holding as it did that one lawfully work-
ing on the highway and in the path of a street car is not re-
quired to keep the same lookout as the traveler unnecessarily
driving along the track, been before the trial court, it might
well be that the trial court would have held that it was proper
for the jury to determine whether or not the plaintiff in this
case failed in the ordinary care required of him under the
rule recognized in that case.    I think both the plaintiff and
the court below should have an opportunity to have this case
tried and disposed of under the view taken by this court of
the respective rights of plaintiff and defendant as indicated
in the *Dinan Case.*