JURKOVIC, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*October 26—November 13, 1917.*

*Railroads: Negligence: Injury to employee working near track: Failure to signal approach of train: Special verdict: Instructions: Immaterial errors: Positive and negative testimony: Contributory negligence: Questions for jury.*

1. In an action for injuries to a railway employee who while working near the tracks was struck by a train, the jury having found upon sufficient evidence that defendant was guilty of negligence in failing to give reasonable warning of the approach of the train and that such negligence was a proximate cause of the injury, errors assigned as to the submission of, or instructions rel-

ative to, other questions in the verdict with reference to negligence in another respect, are immaterial unless they were such as to prejudice the jury in the making of the findings first mentioned.

2. Where witnesses who, at the time in question, were listening for trains and train signals and were in a position to hear signals by bell or whistle, testified that no signal was given, such testimony cannot be said to be negative in the sense that, as a matter of law, it is outweighed by positive testimony that the bell was rung.

3. A railway employee working near the tracks, who had walked about fifty feet with his back toward a train coming from the north, who had listened for signals but heard none, and who was struck by the train as he stooped near the track to lift some materials without looking north to see if a train was coming, was not so clearly negligent that a jury's finding to the contrary, approved by two trial judges, should be set aside on appeal.

APPEAL from a judgment of the circuit court for Milwaukee county: EDWARD T. FAIRCHILD, Circuit Judge. *Affirmed.*

Action for personal injuries begun in the civil court of Milwaukee county. On August 5, 1915, plaintiff was in the employ of the Chicago & Northwestern Railway Company and formed a part of a crew of about ten men engaged in moving some frogs preparatory to placing them in the track. They consisted of two rails of from fifteen to eighteen feet in length, so welded together as to permit a train to pass from one rail to another, and were two and a half feet in width at the widest point. It required about ten men to carry them. Their westerly end lay within about three feet of the east rail of the easterly or north-bound track of defendant's double track running north and south past them. On the day in question one frog had been carried from the pile and deposited some fifty feet to the northeast and about twenty-five feet east of the east rail of defendant's east track. Upon returning for another frog, at about 9:39 a. m., and just as plaintiff, who was at the westerly end of the pile, was in the act of bending down to take hold and lift

the frog, defendant's train, consisting of an engine and twelve cars, came south on the north-bound track and the pilot beam of the engine struck plaintiff and inflicted the injuries for which damages are sought in this action.

The civil court jury found (1) defendant did not give reasonable warning of the approach of the train; (2) it was guilty of negligence in failing to do so; (3) such negligence was a proximate cause of plaintiff's injury; (4) it was apparent to the employees of defendant keeping a lookout just prior to the injury that plaintiff would not seek a place of safety; (5) defendant was guilty of a want of ordinary care in failing to bring the train to a stop after it became apparent that plaintiff would not seek a place of safety; (6) such failure to exercise ordinary care was a proximate cause of the injury; (7) plaintiff was not guilty of any want of ordinary care which proximately contributed to produce the injury; (8) the danger of plaintiff being injured under the conditions as they existed was not such that plaintiff by the exercise of ordinary care should have known and appreciated such danger before the time of his injury; and (9) damages in the sum of $1,500. Judgment for plaintiff was entered upon the special verdict, and upon appeal to the circuit court the judgment was affirmed. Defendant appealed.

For the appellant there was a brief by *C. H. Van Alstine, H. J. Killilea,* and *Rodger M. Trump,* all of Milwaukee, and oral argument by *Mr. Trump.*

For the respondent there was a brief by *Joseph G. Hirschberg,* attorney, and *Horace B. Walmsley,* of counsel, both of Milwaukee, and oral argument by *Mr. Walmsley.*

VINJE, J. If findings 1, 2, 3, 7, and 9 are sustained by the evidence, then judgment for plaintiff was properly entered, and errors assigned with reference to the submission of, or instructions relative to, findings 4, 5, 6, and 8 become immaterial, unless such errors, if any, were of such character

as to prejudice the jury in the making of the other findings. We cannot say that they were. This disposes of a number of assigned errors. It remains to consider those relating to the findings necessary to sustain the judgment.

Claim is made that since five or six of defendant's witnesses, including the engineer and fireman on the train, testified that the automatic engine bell was rung all the time from Allis station, about 1,000 feet north of the place of injury, to where plaintiff was struck, the testimony of plaintiff and of four other members of the crew, including the foreman, whose duty it was to watch for trains and give signals to his crew, and who was so engaged, to the effect that no bell was rung, is not sufficient to support the first finding because merely negative in character, and that the court erred in not instructing the jury as to the relative value of negative and positive testimony as requested. Plaintiff and his witnesses who testified on this subject said they were listening for trains and train signals but heard none. They were in a position where they could have heard signals given by a bell or whistle. This statement is made with full appreciation of the fact that the evidence showed a concrete mixer was in operation about twenty-five or thirty feet from the pile of frogs and that there were other noises in the vicinity. The sound of an engine bell is quite effective in reaching the seat of hearing, especially when only a short distance away. So we have a situation where the witnesses were listening for a signal and were in a position to hear one if given. Under such circumstances their testimony that none was given cannot be said to be negative. In *Coel v. Green Bay T. Co.* 147 Wis. 229, 234, 133 N. W. 23, the rule applicable was thus stated:

"Where the existence or nonexistence of a physical fact ascertainable by the senses is called to the attention of a witness at the time and place it is claimed to exist or not exist, and the witness is in a position to ascertain its nonexistence

as readily as its existence, and he makes an observation to ascertain what the fact is, his testimony that it did not exist is not negative in the sense that it can be said as a matter of law that positive testimony outweighs it."

To the same effect is the holding in *Kaufmann v. C., M. & St. P. R. Co.* 164 Wis. 359, 159 N. W. 552, 1067. These cases rule the question here presented in favor of the refusal to instruct as requested. The sharp conflict in the evidence upon the subject of warning made it peculiarly a jury issue. The judge of the civil court and the circuit judge approved the finding. We cannot say they were clearly wrong in so doing.

The next claim is that plaintiff was guilty of contributory negligence as a matter of law and the jury's finding to the contrary should be set aside. The rule with reference to the degree of care that plaintiff should exercise, circumstanced as he was, is so fully and clearly stated in *Dinan v. Chicago & M. E. R. Co.* 164 Wis. 295, 159 N. W. 944, that no restatement of it will here be made. That rule was recognized and approved in *Bubb v. Milwaukee E. R. & L. Co.* 165 Wis. 338, 162 N. W. 180. From the statement of facts it appears that after plaintiff had deposited the first frog he walked in a southwesterly direction for about fifty feet to the pile of frogs lying near defendant's track. In so doing he had his back substantially toward the train coming south. He listened for signals but heard none, and stepped up to or around the west end of the pile and stooped to lift without looking north to see if a train was coming. We assume he did not look north, for if he had he would have seen the train, which was plainly visible for a thousand feet back. We are asked to say that such conduct on the part of a person required to work near a track is so clearly negligent that a jury's finding to the contrary, even though approved by two trial judges, cannot stand. We are unable to reach such a conclusion, for it seems to us that reasonable men might

well come to different conclusions on the subject.    On matters of judgment of this nature considerable latitude must be accorded both juries and trial courts.

No other assignment of error is of sufficient importance to merit discussion.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J., dissents.