YELLICK, Appellant, vs. MILWAUKEE NORTHERN RAILWAY COMPANY, Respondent.

*February 4—March 4, 1919.*

*Street railways: Injury to workman near track: Failure to see approaching car: Contributory negligence.*

A laborer employed in the laying of a cement sidewalk, while engaged in wheeling concrete from a mixer placed in front of the premises and near street railway tracks, was injured, as he stood between the handles of his wheelbarrow near the mixer, by a street car which struck such handles. He had been working at this job for three days and knew that cars passed frequently. Nothing had occurred at the time of the accident to divert his attention and, his view being unobstructed, if he had kept a proper lookout as he proceeded from the curb to where he stood he would have seen the car approaching. *Held,* that he was guilty of contributory negligence precluding a recovery. OWEN, J., dissents.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

This is an action to recover damages for injuries alleged to have been received by the plaintiff through the negligence of the defendant.

*Yellick,* a man fifty-six years of age, was a laborer employed on July 14, 1916, by Michael Byrne & Brothers Company, cement contractors. On the date above mentioned the Byrne Company was engaged in laying a cement sidewalk at certain premises on the west side of Sixth street, between Chestnut and Prairie streets, in the city of Milwaukee. A concrete mixer had been placed in the street in front of the premises, and it was part of the plaintiff's duty to wheel the mixed cement from this machine by means of a wheelbarrow over a temporary board walk and onto the premises, and while performing this duty he at times came close to the west or south-bound track of the street railway company. The plaintiff had taken a position near the mixing machine preparatory to getting a load in his wheelbarrow and was standing between the handles at the time, when the handles of the barrow were struck by a street car. The plaintiff claims that he suffered great injuries from the accident, and alleges that the accident was due to carelessness and negligence on the part of the motorman of the defendant company.

It appears that the work at which the plaintiff was engaged had been conducted for two days preceding the accident; that the job was to be completed during the afternoon of the day the accident occurred. William Hein, in charge of the work, stated that the concrete mixer stood two and one-half feet from the street-car tracks; that the car struck the handles of the barrow; that plaintiff was turning and was going to lift the wheelbarrow; that plaintiff was then in the path of the car; that no bell was sounded, and that the car was going at "a pretty good gait; it was about the speed they usually go along the street."

At the close of plaintiff's testimony the trial judge, on motion of the defendant, awarded a nonsuit and costs against the plaintiff. From this judgment an appeal is taken.

*George A. Bowman,* attorney, and *Horace B. Walmsley,* of counsel, both of Milwaukee, for the appellant.

For the respondent there was a brief by *Bottum, Bottum, Hudnall & Lecher,* and oral argument by *F. L. McNamara,* all of Milwaukee.

SIEBECKER, J.    Plaintiff testified that he had worked at this job three days; that he knew the cars passed the place frequently while he was there.    He stated that on the occasion in question he passed over the plank from the curb towards the mixer, pulling the wheelbarrow behind him by its two handles; that he looked to the north on Sixth street before he reached the mixer at a point about eight feet from the car tracks and saw no car; that his view was unobstructed (a distance of about 340 feet); that he went down the plank and to a point near the track; that he dropped the barrow handles, turned around, stooped over to grasp the barrow handles to push it forward, when he was hit by the street car and injured.    He testifies that the mixer was about five feet eight inches in height at its highest point and that it did not prevent his seeing the approaching car from where he was working.    It is also undisputed that the barrow had to be moved about six feet from the car track from where he stood to place it under the spout of the mixer.    He testifies that he did not look to observe an approaching car when he stepped into the zone of danger nor when he stopped, turned around, and stooped to grasp the barrow handles to push it forward under the mixer spout.

Plaintiff's evidence shows that he could see the approaching car at all times on his trip from the curb to the place he stopped near the track to turn around.    It is obvious that the car which hit him was near him and that he necessarily would have seen it had he looked before he stepped into the zone of danger or after he had entered it.    It is also undisputed that nothing occurred to divert his attention or to prevent him from seeing the approaching car had he looked

while he traveled the last eight feet of his trip, nor did his duties so engage him as to prevent him from looking for the car. The evidence permits of no inference other than that he must have seen the car approaching him if he kept a proper lookout as he proceeded from the curb to where he stopped or that he omitted to pay any attention to it. The failure to do either, under the facts and circumstances adduced by the evidence, is *per se* negligence on his part which manifestly contributed to produce the accident. *Meissner v. Southern Wis. R. Co.* 160 Wis. 507, 152 N. W. 291; *Bubb v. Milwaukee E. R. & L. Co.* 165 Wis. 338, 162 N. W. 180; *Cawley v. La Crosse City R. Co.* 101 Wis. 145, 77 N. W. 179.

The contention that the evidence here presents a case of the class typified by *Turtenwald v. Wis. Lakes I. & C. Co.* 121 Wis. 65, 98 N. W. 948, and *Dinan v. Chicago & M. E. R. Co.* 164 Wis. 295, 159 N. W. 944, is not sustained. In the *Turtenwald* and *Dinan Cases* the plaintiffs at the time of injury were engaged at their work, located in the place of danger, and their attention, when directed to their tasks, necessarily prevented them from readily observing and seeing the impending danger and avoiding it. That is not the fact here; the plaintiff, as shown by the undisputed evidence, was not prevented from looking and seeing the approaching car, nor was his engagement such as to hinder him from using his senses to observe that he was in the zone of danger and in imminent peril of being hit by the car.

*By the Court.*—The judgment appealed from is affirmed.

Owen, J. *(dissenting).* In *Dinan v. Chicago & M. E. R. Co.* 164 Wis. 295, 159 N. W. 944, it was said:

"A man who is engaged in work upon the highway cannot, if he performs his duty, spend a large part of his time in looking for the approach of street cars or other vehicles. In a busy street he would accomplish little if he did so. Of course he cannot let his thoughts go wool gathering and expect all users of the highway to give place to him; he

must exercise some vigilance; he must keep that lookout for vehicles which an ordinarily careful man similarly situated would keep; a man who is compelled to be in the street and to be giving attention to his work.   Such care must manifestly be a lesser degree than the care required of a person who is on the highway for the purpose of travel alone and may come and go at will."

In my opinion that principle rules this case.   Plaintiff was wheeling concrete from a mixer stationed in the street, in close proximity to the street-car tracks, to the abutting lot. A plank sixteen feet long extended from the curb to within twenty inches of the street-car track.   He wheeled the concrete over this plank.   In order to get on or off this plank with his wheelbarrow he was obliged to enter upon the street-car track.   At the time of the accident he was returning to the concrete mixer to have his barrow filled, after having delivered a barrow full upon the adjacent lot.   As he was going down the plank he looked to the north and saw no car. He proceeded down the plank pushing the wheelbarrow ahead of him; at the end of the plank he turned the wheelbarrow around and pushed it towards the concrete mixer, where he set it down to be filled, standing between the handles.   He was out of the way of the street car, but the handles between which he stood were struck by the street car and the handles threw him to the ground.

When it is considered that he looked for a car when he came down the plank; that running at the rate of fifteen miles an hour a car would reach the mixer within approximately fifteen seconds after it came into view; that his attention was necessarily engaged in the matter of properly placing his barrow to receive the concrete from the mixer; that he himself was out of the zone of danger; that he was probably unconscious of the fact that the handles extended within the pathway of the car; that this mixer had been in the same place for three days; that its presence there was presumably known to the motorman, and that he had a right to rely on warnings of the approach of the car (*Forrestal v.*

*Milwaukee E. R. & L. Co.* 119 Wis. 495, 97 N. W. 182),
it is my opinion that his negligence was a question for the
jury.