TWIST, Appellant, vs. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY, Respondent.

*October 10—November 8, 1922.*

*Railroads: Accidents at crossings: Failure of automobile driver to look for approaching train: Contributory negligence.*

1. Where plaintiff—an automobile driver who brought an action to recover for injuries to person and property sustained when his automobile was struck by defendant's locomotive at a crossing—testified that he could have stopped his car within six inches, and it appeared that there was a clear space of at least nineteen feet six inches in which he might have observed the approaching train and that his attention was in no way distracted, his failure to look constitutes more than a slight want of ordinary care as a matter of law.
2. While it is the duty of the trial court and of this court to sustain the verdict of the jury where there is a controversy as to the facts, it is equally the duty of both courts to declare the law on undisputed facts.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Personal injury.   This action was brought in the circuit court for Fond du Lac county to recover for injuries to the person and property of the plaintiff alleged to have been sustained by him when his automobile was struck by a locomotive engine of the defendant company at the intersection of Johnson street and the railway line of the defendant company in the city of Fond du Lac.

The case was tried by the court and jury, and the jury returned a special verdict as follows:

(1) That the train was running faster than twelve miles an hour while approaching and within twenty rods of Johnson street.   (Answered by the court.)

(2) That the engine bell was not rung continuously while the train was approaching and within twenty rods of said street.

(3) That the want of ordinary care thus found was the proximate cause of the injury.

(4) That the plaintiff was not guilty of more than a slight want of ordinary care contributing to his injuries.

(5) That plaintiff's damages for his personal injuries were $1,200.

Upon motions after verdict the court determined that the plaintiff was guilty of more than a slight want of ordinary care as a matter of law, changed the answer to the fourth question from "No" to "Yes," and judgment was rendered accordingly, dismissing the plaintiff's complaint, from which the plaintiff appeals.

For the appellant there was a brief by *Gooding, Keck & Gooding* of Fond du Lac, and oral argument by *C. P. Keck.*

*W. A. Hayes* of Milwaukee, for the respondent.

ROSENBERRY, J.   The sole question presented here is whether or not the determination of the trial court that the

plaintiff was guilty of more than a slight want of ordinary care contributing to his injuries should be sustained. The accident happened at half-past 5 o'clock on the morning of July 17, 1920. The plaintiff was driving his Ford automobile westward on Johnson street and was struck at the intersection of Johnson street and the defendant's main track by defendant's passenger train No. 4, consisting of a locomotive and eight or nine cars, approximately 700 feet in length, coming from the north. The sun was up, the morning clear and still, and the plaintiff was on his way to work at the gas plant, situated a short distance to the west of the railroad and a little to the south of Johnson street.

In order to make the situation clear, there is reproduced on page 516 a part of the defendant's Exhibit 3, which shows the relative location of the various physical features referred to.

Referring now to Exhibit 3, it appears without substantial dispute and the plaintiff testified that he stopped about five feet east of the St. Paul track, which is the easterly track shown on the diagram. It appears further from his testimony that the point where he stopped is twenty-nine feet and six inches distant from the east rail of the defendant's track; that he moved the twenty-nine feet and six inches at a rate of three miles an hour at the most. It is claimed by the plaintiff that there was on the St. Paul tracks, at a point west of the Wadhams Oil Company buildings, an oil car which obstructed his view. We assume such to be the fact, although it was in much dispute. In any event there was a clear space of nineteen feet six inches in which the plaintiff might have observed the approaching train. He testifies that he did not do so, that he did not see the train until it was within a foot of him, and that he could have stopped his car within six inches.

We are of opinion that this evidence construed most strongly in favor of the plaintiff shows that he was guilty

of more than a slight want of ordinary care as a matter of law. As was said in the case of *Bahlert v. C., M. & St. P. R. Co.* 175 Wis. 481, 185 N. W. 515:

"When it appears, as here, that there is a failure to look and listen within the zone where the duty exists, such failure, unless a sufficient excuse therefor is shown, constitutes more than a slight want of ordinary care."

By the plaintiff's own testimony he had a clear space in which the approaching train was clearly visible. If he had looked he must have seen it and could have stopped his car within six inches, as he had it under full control. His attention was in no manner diverted. The only conclusion possible is that he traveled the entire distance between tracks

Will of Boardman, 178 Wis. 517.

without looking at all, bringing the case clearly within the rule of the *Bahlert Case* and the cases there cited. Failure under such circumstances to take precaution for one's safety is not only more than. lack of ordinary care but borders upon recklessness. The loss of life in crossing accidents, which was in this case happily averted, is. of an extent in this state and in the country at large to be almost appalling. The increase in accidents of this character which has come with the increased use of the automobile has resulted apparently from a diminishing degree of diligence in the face of circumstances that require greater rather than less diligence.

While it is the duty of the trial court and of this court to sustain the verdict of the jury where there is a controversy as to the facts, it is equally the duty of the trial court and of this court to declare the law upon undisputed facts.

*By the Court.*—Judgment affirmed.