## WALTER K. SETOSKY v. DULUTH, SOUTH SHORE & ATLANTIC RAILWAY COMPANY.[1]

November 25, 1927.

No. 26,195.

**Questions for jury in fatal accident at railway crossing—new trial not necessary because of excessive damages.**

In an action for the death of the plaintiff's intestate killed in a collision between a school bus and a train of the defendant it is *held*:

(1) Whether the bell on the engine of the defendant was rung as required by the statute was for the jury.

(2) Whether a proper lookout was kept as the train approached the crossing was for the jury.

(3) It did not appear as a matter of law that the negligence of the driver of an auto was an efficient intervening cause of a collision so that the negligence of the defendant was not a proximate or concurring cause.

(4) The damages were not excessive.

Death, 17 C. J. p. 1350 n. 7.
Negligence, 29 Cyc. p. 549 n. 50.
Railroads, 33 Cyc. p. 1015 n. 62; p. 1104 n. 33; p. 1105 n. 35; p. 1128 n. 63.

---

See note in 9 L.R.A.(N.S.) 347; 22 R. C. L. 182, et seq.
See note in L. R. A. 1916C, 820; 8 R. C. L. 850; 2 R. C. L. Supp. 665; 5 R. C. L. Supp. 487; 6 R. C. L. Supp. 528.

[1]Reported in 216 N. W. 245.

Defendant appealed from an order of the district court for St. Louis county, Fesler, J. denying its alternative motion for judgment or a new trial. Affirmed.

*Abbott, MacPherran, Dancer, Gilbert & Doan* and *Powell & Sprowls,* for appellant.

*Humphrey Barton,* for respondent.

DIBELL, J.

Action to recover damages for the death of the plaintiff's intestate in a collision between a school bus in which he was riding and a railway train of the defendant. There was a verdict for the plaintiff, and defendant appealed from an order denying its alternative motion for judgment or a new trial.

The accident occurred in Wisconsin. About four o'clock in the afternoon of November 10, 1926, plaintiff's intestate was going home from school in the school bus. The bus and a train of the defendant collided at a highway crossing and he was killed. The court charged that the driver of the bus was negligent. There was a verdict for the plaintiff.

The questions are: (1) Whether the defendant rang the bell as required by the Wisconsin statute; (2) whether the defendant negligently failed to keep a proper lookout as it approached the crossing; (3) whether the negligence of the driver of an auto was an intervening cause and the defendant's negligence not the proximate cause of the collision; and (4) whether the verdict is excessive.

1. The defendant's railroad at the place of the injury runs east and west. A public highway intersects at Winneboujou practically at right angles. Winneboujou is a flag station. The statute of Wisconsin requires the bell to be rung continuously for a distance of 80 rods before reaching a crossing. The train, consisting of engine, tender, baggage car and two coaches was coming from the east at about 20 miles an hour. The auto was on the highway going south.

The driver says the bell did not ring. Two men were working on the highway on a telephone line a few hundred feet south. They were interested in the passing of the train since they were to string

wires across the track after it had passed. They did not hear it. One of them heard the bell ring after the collision. There was positive evidence that it did ring. The testimony of the engineer and the fireman is that the bell was rung. Several of the trainmen, the conductor, brakeman and mail clerk, were listening for the crossing whistle and heard it. They did not testify whether they heard the bell. The baggageman heard the crossing whistle but did not hear the bell. The section foreman heard the whistle but did not testify that the bell was rung. One of the section men testified to hearing the bell after the collision as also did one of the men working on the telephone line.

The evidence made a case for the jury. Fink v. N. P. Ry. Co. 162 Minn. 365, 203 N. W. 47, where our cases are collected. And see Jurkovic v. C. M. & St. P. Ry. Co. 166 Wis. 266, 164 N. W. 993; Kaufmann v. C. M. & St. P. Ry. Co. 164 Wis. 359, 159 N. W. 552, 1067. It is not important that we would not make such a finding as the jury made. Neither the trial court nor this court is the tribunal to determine the fact.

2. Whether a proper lookout was maintained was for the jury.

For a thousand feet easterly of the crossing the track was straight and the engineer had a limited view of the crossing. The evidence is not entirely clear as to the scope of his vision. The driver of the auto testified that he stopped 25 or 30 feet northerly of the track, let off some of the children, and then started across the track. The engine struck the rear wheel. The highway and the railroad made a cut in the natural surface of the ground at the crossing. There were some bushes at the east of the highway and a warehouse. Civil engineers called by the defendant testified that on the highway 15 feet north of the track one could see east to the curve 1,000 or 1,200 feet; 20 feet north, 295 or 355 feet; 25 feet north, 207 or 221 feet; 30 feet north, 179 feet. The section foreman testified that the auto started to cross when the engine was 150 feet from the crossing, and that he threw up his hands and hollered to warn him. The engineer saw the foreman give the warning. A jury might conclude that there was negligence on the

part of the defendant. We might think the fact otherwise; but it is not for us.

3. A contention very urgently pressed is that the negligence of the driver of the auto was an efficient intervening cause and that if the defendant was negligent its negligence was not a proximate cause of the injury. The law is that the negligence of the driver of the auto is not imputed to a passenger. If the negligence of the defendant was a concurring or contributing cause a recovery should be had though the driver was negligent. We are not able to say that the negligence of the driver was an efficient intervening cause which superseded the defendant's negligence as a proximate cause of the collision. We do not think that Sweeo v. C. & N. W. Ry. Co. 183 Wis. 234, 197 N. W. 805, is controlling in the defendant's favor. See Twist v. M. St. P. & S. S. M. Ry. Co. 178 Wis. 513, 190 N. W. 449; Plautz v. C. M. & St. P. Ry. Co. 180 Wis. 126, 192 N. W. 381.

4. The damages awarded are $5,000. The verdict was conditionally reduced to $3,000, and the reduction was accepted. The child was nine years old. As reduced the verdict was not so large as to require a new trial. Drimel v. Union Power Co. 139 Minn. 122, 165 N. W. 1058, and cases cited.

Order affirmed.