Suts, Respondent, vs. Chicago & Northwestern Railway Company, Appellant.

*January 13—February 10, 1931.*

For the appellant there was a brief by *J. F. Baker* and *Llewellyn Cole,* both of Milwaukee, and oral argument by *Mr. Cole.*

*L. M. Nelson* and *Elmer Grimmer,* both of Marinette, for the respondent.

ROSENBERRY, C. J. The complaint in this case was based upon an allegation of negligence with respect to the management of the train and the equipment of the engine with spark arresters. It was, however, submitted to the jury by the trial court on the theory that if the fire was set by the defendant company's engine the company was liable irrespective of whether or not it was guilty of negligence under the provisions of sec. 192.44, Stats. This section provides that railroad corporations shall be liable for fires set by their locomotives and that it shall only be necessary for the plaintiff to prove the setting of the fire and damage to his property in order to recover.

The first contention made by the defendant is that the rule which obtained in cases of this kind prior to the adoption of the statute (June 5, 1911), to the effect that a plaintiff made a *prima facie* case by proving there was no fire at the point in question and that a fire was discovered shortly after the locomotive had passed, and that proof of such facts created a presumption of negligence, which made it necessary for the defendant to go forward with its proof, no longer applies. The argument is that, the statute having removed all necessity of proving negligence in such cases, the reason for the rule no longer exists. It is considered that this proposition is not a sound one. Under the rule as it existed prior to the statute, proof that there was no fire at or near the place in question prior to the passing of a railroad locomotive and that shortly after the passing of the locomotive fire was found at a place where it might have been set by sparks from the locomotive, was sufficient to sustain a finding that the passing locomotive set the fire. It being established that the passing locomotive set the fire, it followed that the plaintiff had made a *prima facie* case of negligence. This was a rule of necessity or convenience. *Bonnell v. Chicago, St. P., M. & O. R. Co.* 158 Wis. 153, 147 N. W. 1046; *Menominee River S. & D. Co. v. Milwaukee & N. R. Co.* 91 Wis. 447, 65 N. W.

176. It is manifest that no burden could be cast upon the defendant to show itself free from negligence by reason of the setting of the fire until it was proven that the defendant had set the fire. In the absence of the statute the defendant would escape liability by proving itself to be free from negligence, so rebutting the presumption of negligence even if it set the fire. In this situation, however, the evidence still supported the finding of the jury that the defendant set the fire, and this though the engine in question was in good order and well managed. *Theresa Village Mut. F. Ins. Co. v. Wis. Cent. R. Co.* 144 Wis. 321, 128 N. W. 103.

Upon the trial there was testimony offered on behalf of the defendant which if believed by the jury would have led irresistibly to the conclusion that the fire in question was burning when the train left Tippler. This testimony, however, is contradicted by that offered by the plaintiff, from which, if it be believed, it must be inferred that the fire in question started and was first noticed shortly after the defendant's engine left the Pine river bridge. It is argued that the testimony offered on behalf of the defendant is positive and direct; that that offered on behalf of the plaintiff, on the other hand, is negative and therefore not sufficient to overthrow the defendant's testimony. The testimony of the plaintiff's witnesses is that they saw no fire at the point in question until after the passing of the engine. Plaintiff's witnesses, Parker and Wescott, testified that they walked over the place in question shortly before the arrival of the engine. If a fire was then burning which could be seen from Tippler some three miles away, it must have been observed by any one passing at or near the place. Testimony of these witnesses that no fire was burning at that place at that time is certainly not merely negative testimony. If such a fire was burning at the time, the witnesses Parker and Wescott must have seen it. Their testimony that at the time and place there was no fire is negative in form but positive in character.

Testimony that a witness did not hear a bell rung or a whistle blown at the time and place in question, when under the existing conditions he might or might not have heard it, depending upon his attention to his surroundings, falls in a different category than evidence that a fire, which could be seen three miles, was not seen by one who walked over or within a few feet of the place where the fire was alleged to be burning..

A distinction must be made between testimony which is negative in form and that which is negative in character. The distinction is well illustrated by comparing the cases of *Jurkovic v. Chicago, M. & St. P. R. Co.* 166 Wis. 266, 164 N. W. 993, and *Richter v. Dahlman & Inbush Co.* 179 Wis. 7, 190 N. W. 841, with *McMillan v. Chicago, M. & St. P. R. Co.* 179 Wis. 323, 191 N. W. 510.

There was evidence to sustain the finding of the jury as to the setting of the fire. There was also evidence which would have sustained a finding that the fire was burning when the engine arrived. There was a clear conflict which was resolved by the jury in favor of the plaintiff, and under the familiar rule of law the verdict of the jury cannot be disturbed.

*By the Court.*—Judgment affirmed.