FJELSTAD, Administratrix, and another, Appellants, vs. WALSH and others, Respondents.

*November 10—December 7, 1943.*

298

For the appellants there was a brief by *Otjen & Otjen* of Milwaukee, and *Hill, Beckwith & Harrington* of Madison, and oral argument by *D. V. W. Beckwith*.

For the respondents there was a brief by *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *Oscar T. Toebaas*.

FOWLER, J. The action is by the personal representative of Joseph C. Fjelstad under the death-by-wrongful-act statute, sec. 331.03, Stats., to recover damages for the wrongful kill-

ing of the deceased through the negligent driving of a truck by an employee of the defendants Walsh & Steenberg. A jury was impaneled and the plaintiff administratrix presented her evidence in support of the complaint. At the close of the testimony the defendants moved for a directed verdict which was granted and judgment of dismissal was entered. The plaintiffs appeal.

The evidence adduced is sufficiently stated preceding the opinion. The appellants claim that upon that evidence the case was for the jury. The defendants contend that the evidence presents no jury question as to defendants' negligence; that as matter of law the deceased was guilty of contributory negligence; and that if the defendants' driver was negligent the deceased's negligence was as matter of law as great or greater than the negligence of the defendants' driver, and that under the comparative-negligence statute, sec. 331.045, the judgment of dismissal was in any view correct.

We are of opinion that the case was for the jury. Whether the defendant was causally negligent for not blowing his horn, whether in view of the distance between the two standing trucks and the position of the three men and their obvious absorption in their immediate work the defendants' driver was causally negligent in guiding or not stopping his truck until the loading of the pipe was completed, and whether, in view of the fact that Webster did not see how the contact between the deceased and his truck occurred, Webster kept a proper lookout, were all jury questions. We are also of opinion, in view of the absorption of the deceased in his immediate task, that negligence is not to be presumed, and that the burden of proving the deceased's contributory negligence was on the defendants, that question also was for the jury (*Dinan v. Chicago & M. E. R. Co.* 164 Wis. 295, 159 N. W. 944), as was that of comparative negligence if the defendants were found negligent.

We are aware of the rule relied on by the defendants' counsel that we cannot overrule a trial court in granting a directed verdict unless its ruling was clearly erroneous. The ruling seems to us clearly erroneous.

*By the Court.*—The judgment of the circuit court is reversed and a new trial ordered.